**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| SOURCEAMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, et al., <br><br> Defendants. | Case No. 1:17-cv-893 (TSE/IDD) |

**PLAINTIFFS' MOTION TO FILE SURREPLY
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs SourceAmerica and Lakeview move this Court pursuant to Local Civil Rule 7.1(F)(1) for leave to file a Surreply in opposition to the Reply Brief filed by Defendants (ECF No. 17) in support of their Motion to Dismiss (ECF No. 14).  Defendants did not object to the fact that Plaintiffs' surreply addresses Section 555(b) of the APA; they did object to Plaintiffs addressing *Block v. Community Nutrition Institute*, 467 U.S. 340 (1984), in their surreply.

"If a defendant raises new legal issues or new theories in its reply brief, there is a basis to permit a plaintiff to file a surreply." *Sherrill v. Mayer & City Council*, 31 F. Supp. 3d 750, 769 (D. Md. 2014) (internal citations and quotation marks omitted).  In addition, "surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Id.*; *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) ("The district court routinely grants such motions when a party is 'unable to contest matters presented to the court for the first time' in the last scheduled pleading." (citation omitted)).  A surreply is therefore appropriate where a reply brief "articulates new, alternative

theories that were not fully developed in its opening brief," and the surreply "provides argument and discussion that is relevant and will aid the Court in reaching a decision." *Sherrill*, 31 F. Supp. 3d at 750; *Am. Forest & Paper Ass'n, Inc. v. Envt'l Prot. Agency.*, No. 93-cv-0694, 1996 WL 509601, at *3 (D.D.C. Sept. 4, 1996) (granting leave to file surreply "responsive to issues initially raised in . . . reply memorandum" and where "surreply is helpful to the adjudication of the summary judgment motions").

In this case, Defendants raise a new, alternative legal theory in their Reply to which Plaintiffs must be afforded an opportunity to respond. In their Complaint, SourceAmerica and Lakeview alleged that they were unlawfully denied participation in an arbitration proceeding and thus, their rights were adjudicated *in abstentia*, violating Section 555(b) of the Administrative Procedure Act. Compl. ¶¶ 129-46. Defendants moved to dismiss this claim, on the grounds that SourceAmerica and Lakeview purportedly failed to make a reasonable request to intervene. MTD at 17-19. SourceAmerica and Lakeview responded to this argument in their Opposition, demonstrating that in fact they had made multiple procedurally proper requests that were ignored and ultimately denied. Opp. to MTD at 20-22.

Perhaps recognizing that this argument lacks merit, Defendants withdrew the same and posited an alternative theory in their Reply Brief for why SourceAmerica and Lakeview's claim should be dismissed. Defendants wrote:

> Since the filling of the Government's motion to dismiss, the Government has learned that plaintiffs' written requests, though addressed to the Commissioner, were in fact received by the arbitration clerk. In light of these circumstances, the Government no longer argues that plaintiffs failed to make any proper request to intervene. But the plaintiffs still cannot obtain relief based on the failure of the arbitration panel to act on plaintiffs' requests. The record demonstrates that the arbitration panel's failure to act on the requests was harmless.

Reply Br. at 11-12. Defendants proceeded to present a new legal standard, i.e., "a harmless error rule," and argument that appears nowhere in their Motion to Dismiss. Plaintiffs have not had a fair opportunity to respond to this new legal theory. That SourceAmerica and Lakeview would be prejudiced if not permitted to respond is self-evident, as they would be denied the opportunity to contest this theory that has been presented to the Court for the first time in Plaintiffs' Reply Brief. The Court would, in turn, be denied the opportunity to consider fulsome briefing before reaching its decision on Defendants' Motion to Dismiss.

Defendants also argue for the first time in their reply that "the Court can dismiss *all of plaintiffs' APA claims*" based upon *Block*'s reasoning. Reply Br. at 5 (emphasis added); *but see* MTD at 14-15 (arguing based on the RSA whether Congress had "intended to permit such third parties to challenge arbitration rulings in court"). That is an attempt to expand an argument challenging one claim to four in their reply. Defendants also incorrectly claim that Plaintiffs "do not present any reasons why [*Block*] might be distinguishable." Reply Br. at 5; *e.g.*, *Inter-Med, Inc. v. ASI Med., Inc.*, No. 09-cv-383, 2010 WL 2854288, at *1 (E.D. Wis. July 19, 2010) (allowing surreply to "correct and clarify certain misstatements and misrepresentations" in a reply brief); *Ruth v. Unifund CCR Partners*, No. 08-cv-2689, 2009 WL 585847, at *2 (N.D. Ohio Mar. 6, 2009) (similar).

For the foregoing reasons, and those set forth in the proposed Surreply, Plaintiffs request leave of this Court to file the attached Surreply.

Dated:  November 27, 2017          Respectfully submitted,

/s/ Sonia Tabriz
Sonia Tabriz (VA Bar # 85822)
Craig A. Holman*
Robert A. DeRise*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001-3743
Phone: +1 202.942.5000
Fax: +1 202.942.5999
sonia.tabriz@apks.com
craig.holman@apks.com
robert.derise@apks.com

*Counsel for Plaintiffs SourceAmerica and Lakeview Center, Inc.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2017, I caused a true and accurate copy of the foregoing to be served via the Court's CM/EMF system, which will serve the filing via e-mail notification to all counsel of record.

/s/ Sonia Tabriz
Sonia Tabriz